**Millard SMITH, suing as adoptive father and grandfather of Larry Bennett Hill, Appellant,**

v.

**DIXIE FUEL COMPANY and Workmen's Compensation Board of Kentucky, Appellees.**

Court of Appeals of Kentucky.

March 11, 1977.

Rehearing Denied June 10, 1977.

Discretionary Review Denied Oct. 3, 1977.

J. Leonard Davis, Harlan, for appellant.

James S. Greene, J., Harlan, William L. Huffman, Director, Workmen's Compensation Bd., Dept. of Labor, Frankfort, for appellees.

Before HOWERTON, GANT and WHITE, JJ.

HOWERTON, Judge.

In 1964, Larry Bennett Hill was legally adopted by his grandfather, Millard Smith. Larry resided thereafter with his adoptive father and not with his natural father. It is uncontested that the natural father, Woodrow Stanley Hill, visited Larry frequently, purchased most or all of his clothing, and gave the adoptive father money over the years for the support of his natural son.

On March 27, 1974, Woodrow was killed instantly while working in the mines of the Dixie Fuel Company.

It was stipulated by the parties before the Workmen's Compensation Board that all requirements for maximum death compensation benefits existed except for the determination "whether or not Larry Bennett Hill was dependent in any degree upon Woodrow Stanley Hill at the time of his death within the meaning of 'dependency' under the Kentucky Workmen's Compensation Act."

The Board found, and the circuit court affirmed, that since the minor child did not live in the deceased's household, the resolution of the question rested on whether or not the minor was in the relationship of "child" to the employee under KRS 342.-075(3). The Board concluded that the adoption of Larry terminated his legal relationship of child to his natural parent, citing KRS 199.520(2), and that therefore, Larry was not the "child" of the employee under the Workmen's Compensation Act.

We are in agreement. While this decision may appear to work a hardship, we believe the language and intent of the legislature is clear under KRS 342.075(3):

No person shall be considered a dependent in any degree unless he is living in

the household of the employee at the time of the accident, *or* unless such person bears to the employee the relationship of father, mother, husband, or wife, father-in-law or mother-in-law, grandfather or grandmother, *child* or grandchild, or brother or sister of the whole or half blood. (Emphasis ours.)

This subsection (3) is a limitation on subsection (2) which allows the determination of dependency in accordance with the facts of each case existing at the time of the accident. The limitation is that the person to be a dependent must either live in the household of the employee or be of a certain relationship to the employee, to wit, "child".

Only the latter consideration is in issue here. Was Larry Bennett Hill the "child" of Woodrow Stanley Hill on the date of Woodrow's death? Appellant has cited us several cases which he contends show exceptions to KRS 342.075(3). We find upon review of these cases that in each situation the dependent had either the required relationship *or* lived in the household of the employee.

■ In the out-of-state cases which Appellant cites from Iowa and Oklahoma where an adopted child was still held to be his natural father's child under Workmen's Compensation Acts, it must be considered that in those states the entire scheme of adoption is different from the Commonwealth of Kentucky. In each of those, the adopted child does not even lose his right of inheritance from his natural parent. Even the Social Security Administration found Larry Hill to be the "child" of Woodrow Hill and awarded benefits. But, the Administrative Law Judge did not have to apply Kentucky law which will require more change than this court can accomplish by "interpretation". If a change is needed, the legislature will have to provide it.

■ We conclude that under the Workmen's Compensation Act we must still take notice of KRS 199.520(2) which defines the legal status of an adopted child:

Upon entry of the judgment of adoption, from and after the date of the filing of the petition, the child shall be deemed the child of petitioners and shall be considered for purposes of inheritance and succession *and for all other legal considerations*, the natural, legitimate child of the parents adopting it the same as if born of their bodies. . . . (Emphasis ours.)

In *Arciero v. Hager*, Ky., 397 S.W.2d 50, 52–53 (1965), this state's highest court in reviewing the provisions of KRS 199.520(2) stated:

We consider it plain that the quoted statute has the effect of excising the adopted child from its 'blood' family tree.

.    .    .    .    .

We have recognized the principle that the present adoption law envisions a 'complete breaking off of old ties.' We have spoken of that approach as one demanded by public policy. *Jouett v. Rhorer*, Ky., 339 S.W.2d 865. In the just cited case, the question had to do with visitation rights of a natural grandfather of the adopted child—that was spoken of as a 'personal' tie that was severed. The opinion expressed the court's view, however, that '. . . the adoption of a child necessarily brings to an end all connections, legal and personal, with any natural parent.' We consider that view to be the sound one and apply it now as respects the 'legal' connection of inheritance.

We believe that this holding is internally consistent with the Workmen's Compensation Statute itself. KRS 342.085 defines "child" as follows:

(1). 'Child' includes stepchildren, legally adopted children, posthumous children and recognized illegitimate children, but does not include married children unless actually dependent.

We believe that a proper result is reached under the statute when a child is considered the "child" of his adoptive father after adoption and not as the "child" of his natural father after adoption.

The judgment below is affirmed.

All concur.